# United States District Court
# Northern District of Indiana

| | |
|---|---|
| PATTY NOLAN | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 3:06-CV-683 JVB |
| SUNIL ARORA, M.D., | ) |
|       Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant's motion to exclude the expert testimony of Daniel Cooke, M.D., and Steven Carr, M.D. (DE 73).

**A. Background and Facts**

This is an action brought under the Indiana Medical Malpractice Act, Ind. Code 34-18-1-1, et seq. Plaintiff claims that Defendant was negligent in the performance of a Racz epidurolysis procedure. The procedure involves the placement of a catheter in the epidural space of the patient's spine. Its purpose is to lyse, or destroy, adhesions in order to alleviate pain. The matter was submitted to a medical review panel, as the Act requires, before suit was filed. The two witnesses whose testimony Defendant seeks to exclude were two of the three physician members of the medical review panel. As panel members, they found that Dr. Arora had breached the standard of care in his treatment of Plaintiff and that the breach was a factor in causing her damages.

Like the Defendant, Cooke and Carr are anesthesiologists. Unlike Defendant, they are not pain management specialists and they do not perform the Racz procedure.

B. Analysis

Under Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Defendant contends that the challenged witnesses are not qualified to give opinions in this case because they were not specifically trained in the Racz procedure and do not place Racz catheters as part of their practices, nor have they explained the difference between a Racz catheter and the types of catheters they employ. However, from a review of the deposition excerpts accompanying the parties's briefs, it appears that the crux of this matter is whether Defendant properly placed a catheter in the epidural space, not whether the Defendant should have used a Racz catheter or should have performed the Racz procedure. Both challenged witnesses are trained in placing epidural catheters and have performed the procedure in the course of their anesthesia practices.

It can be inferred from Dr. Carr's deposition testimony that "epidural" refers to the same location whether the catheter to be placed epidurally is a Racz catheter or some other type. Carr Dep. at 17–18. Dr. Cooke testified that a big part of the practice of anesthesia "involves identifying and verifying being in the epidural space" when a catheter is inserted in the spinal

2

area. Cooke Dep. at 8.

The Court finds that the witnesses are qualified to give expert testimony that Defendant breached the standard of care and that the breach resulted in damage to Plaintiff. Any alleged shortcomings in their experience and training go to the weight of their testimony, which can be explored on cross-examination.

**C. Conclusion**

Defendant's motion to the exclude expert testimony of Daniel Cooke, M.D. and Steven Carr, M.D., is DENIED.

SO ORDERED on January 19, 2010.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division