# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| PATTY NOLAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:06-CV-683 JVB |
| | ) | |
| | ) | |
| SUNIL ARORA, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

**A.    Background**

This case is a medical malpractice action brought pursuant to Ind. Code § 34-18-1-1, commonly referred to as the Indiana Medical Malpractice Act. This matter is before the Court on Plaintiff's motion for entry of judgment and assessment of prejudgment interest (DE 145), Defendant's motion for entry of judgment (DE 147), and Plaintiff's amended motion for entry of judgment and assessment of prejudgment interest (DE 148).

On March 19, 2010, a jury returned a verdict for Plaintiff Patty Nolan in the amount of $1,260,000. However, under the Malpractice Act, Indiana Code § 34-18-14-3(a)(3), the total amount recoverable for an injury to a patient in a medical malpractice action which occurred after June 30, 1999, may not exceed $1,250,000. Indiana Code § 34-18-14-3(b) provides that a health care provider qualified under the Act is not liable for an amount in excess of $250,000 for an occurrence of malpractice. Under Indiana Code § 34-18-14-3(c), a plaintiff may recover a maximum of $1,000,000 from the patients compensation fund established by the Act. Moreover, under Indiana Code § 34-51-4-1, et seq., if certain statutory conditions are met, a plaintiff is entitled to prejudgment interest on the portion of the judgment for which the healthcare provider

is liable, at the rate of six to ten percent simple interest, for a period not to exceed forty-eight months.

**B.     Discussion**

The parties agree that prejudgment interest should commence on July 9, 2006, but Defendant asks that the period end on March 19, 2010, the date of the jury verdict. Plaintiff maintains that prejudgment interest should be assessed through the date of entry of judgment on the jury verdict.   Plaintiff requests a rate of ten percent, while Defendant argues for a rate of six percent.  Defendant also contends that, pursuant to Indiana Code § 34-51-4-8(b), the period from March 3, 2008 (the date on which Plaintiff requested a continuance of the trial then scheduled for April 14, 2008), to October 6, 2008 (the new trial date set in response to Plaintiff's motion), should be excluded in computing the prejudgment interest, as a period of delay caused by the party petitioning for prejudgment interest.

In support of its argument for a six percent interest rate, Defendant asks that the Court take judicial notice of the prevailing low interest rates from 2007 through the present, rates far below even a six percent interest rate.  Plaintiff argues that an award of ten percent interest would best serve the purpose of the Indiana prejudgment interest statutes, to encourage settlement, pointing out that on January 31, 2007, Plaintiff offered to settle the case for more than $1,000,000 under the amount of the eventual verdict.  Plaintiff has not responded to Defendant's request that the period between March 3, 2008, and October 6, 2008, be excluded.

The Court agrees with Defendant, that a prejudgment interest award of six percent simple interest is adequate to serve the purpose of the Indiana prejudgment interest statutes. Because

2

Plaintiff has not offered any argument as to why the period of delay occasioned by her request for a continuance of the trial should not be excluded, the Court will exclude the period from April 14, 2008, to October 6, 2008, in calculating the amount of prejudgment interest.

**C.     Conclusion**

Plaintiff's motions (DE 145 and 148) are GRANTED IN PART and DENIED IN PART. Defendant's motion (DE 147) is GRANTED IN PART and DENIED IN PART.

The Clerk shall enter judgment on the jury verdict in this case as follows:

1. Judgment on the jury verdict is entered in the amount of $1,260,000.

2. Plaintiff shall recover from Defendant the sum of $300,470.80 (including the principal amount of $250,000, and prejudgment interest at the rate of 6 %, simple interest, from July 9, 2006, to April 14, 2008; and from October 6, 2008, to May 12, 2010[1]), with post-judgment interest at the rate of .43 %, plus costs.

3. Plaintiff shall recover the sum of $1,000,000 from the Indiana Patients Compensation Fund.

SO ORDERED on May 12, 2010.

> s/ Joseph S. Van Bokkelen
> Joseph S. Van Bokkelen
> United States District Judge
> Hammond Division

---

[1] Interest on $250,000 at 6% percent per year, simple interest is $15,000, or $41.10 per day. The period from July 9, 2006, to April 14, 2008, is 645 days; the period from October 6, 2008, to May 12, 2010, is 583 days, for a total of 1226 days, which, multiplied by $41.10, amounts to $50,470.80 in prejudgment interest.